**Reversed and Remanded and Opinion filed April 2, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00171-CV

---

### HARRIS COUNTY APPRAISAL DISTRICT, Appellant

### V.

### ETC MARKETING, LTD., Appellee

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-63998**

---

## O P I N I O N

In the dispositive issue in this ad valorem tax-protest case, we conclude that a taxpayer desiring to have its property removed from the tax rolls on the ground that the property is in interstate commerce and therefore is exempt from taxation must exhaust administrative remedies by raising that argument with the appraisal review board in a timely tax protest under Chapter 41 of the Texas Tax Code. We therefore reverse the trial court's rulings denying the appraisal district's partial plea

to the jurisdiction and granting the taxpayer's motion for summary judgment on this ground, and we remand the case to the trial court for further proceedings consistent with this opinion.

## I. Factual and Procedural Background

When ETC Marketing, Ltd. was informed that Harris County Appraisal District ("HCAD") had appraised ETC's natural gas for tax year 2009 and valued it at $161,723,100, ETC filed a notice of tax protest in which it challenged the appraisal on five grounds. The appraisal review board held a hearing at which ETC argued its case, but the board determined that the appraised value should not be changed. ETC appealed the decision to a Harris County district court. In its petition, ETC raised some of the same grounds that it had raised with the appraisal review board. It also asserted for the first time that the property was exempt from taxation because it was in interstate commerce.

HCAD filed a partial plea to the jurisdiction in which it argued that the trial court lacked jurisdiction to address ETC's interstate-commerce claim because ETC had not previously raised this argument, and thus, it failed to exhaust its administrative remedies concerning that issue.[1] ETC then filed one or more unsuccessful motions with the appraisal review board for correction of the appraisal roll.[2] ETC also filed a response in the trial court to HCAD's jurisdictional plea, but before the trial court ruled on it, ETC moved for summary judgment on the ground that the natural gas was in interstate commerce and was therefore exempt from taxation. HCAD filed a response that incorporated its pending plea to the jurisdiction and a cross-motion for summary judgment on the

[1] At oral argument, HCAD acknowledged that this was the first time that it had filed a *partial* plea to the jurisdiction.

[2] ETC allegedly filed two such motions, but only one is in the record. According to ETC, it filed both motions after HCAD filed its partial plea to the jurisdiction.

same interstate-commerce issue.  The trial court denied HCAD's partial plea to the jurisdiction and its summary-judgment motion and granted ETC's motion for summary judgment.

## II. ISSUES PRESENTED

In its first issue, HCAD challenges the trial court's denial of its partial plea to the jurisdiction.  HCAD argues in its second issue that the trial court erred in granting summary judgment in favor of ETC and in denying HCAD's cross-motion for summary judgment.

## III. PLEA TO THE JURISDICTION

The Tax Code prescribes procedures for adjudicating a challenge to the appraisal on the ground that the property is exempt from ad valorem taxation by federal law.  *See* TEX. TAX CODE ANN. §11.12 (West 2008) ("Property exempt from ad valorem taxation by federal law is exempt from taxation."); *id.* § 41.41(a)(3), (9) (providing that a property owner is entitled to protest before the appraisal review board the "inclusion of the owner's property on the appraisal records" as well as "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner"); *Harris Cnty. Appraisal Dist. v. Shell Oil Co.*, No. 14-07-00106-CV, 2008 WL 2130441, at *3 (Tex. App.—Houston [14th Dist.] May 22, 2008, no pet.) (mem. op.) (noting that taxpayer's right to an exemption under section 11.12 of the Texas Tax Code is properly raised through proceedings before the appraisal review board).  The procedures prescribed by the Tax Code for adjudication of the grounds of protest authorized by that statute are exclusive.  TEX. TAX CODE ANN. §42.09(a); *Hous. Indep. Sch. Dist. v. 1615 Corp.*, 217 S.W.3d 631, 638 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  This administrative review process is intended to "resolve the majority of tax protests at this level, thereby relieving

the burden on the court system." *Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990) (citing *Dall. Cnty. Appraisal Dist. v. Lal*, 701 S.W.2d 44, 47 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)).

The decision of the appraisal review board is reviewable by trial de novo in a district court. TEX. TAX CODE ANN. §42.23(a) (West Supp. 2012). Generally, however, property owners must exhaust administrative remedies before seeking judicial review. *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A party may file a plea to the jurisdiction to challenge the plaintiff's failure to exhaust administrative remedies. *See id.* We review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

In its partial plea to the jurisdiction, HCAD argued that ETC failed to exhaust its administrative remedies as to its interstate-commerce argument because ETC did not (a) mention an interstate-commerce exemption in its notice of protest or (b) address the matter during the hearing before the appraisal review board. In its response and on appeal, ETC primarily argued that HCAD was without jurisdiction to appraise the property because "property exempt from ad valorem taxation by federal law is exempt from taxation,"[3] and the exemption from state or local taxation is not one for which ETC was required to apply, that is, the exemption is self-executing and "contemplates no administration" by HCAD. Although phrased as jurisdictional arguments, these assertions actually are addressed to the merits of ETC's contention that the property is exempt from ad valorem taxation. They do not, however, address the threshold question of whether ETC exhausted administrative remedies so that the trial court has jurisdiction to

---

[3] *See* TEX. TAX. CODE ANN. § 11.12.

4

reach the merits of ETC's interstate-commerce argument. In response to that question, ETC argues that (a) it was not required to exhaust administrative remedies; (b) it did exhaust administrative remedies; and (c) even if it was required to exhaust administrative remedies and failed to do so, any such procedural defects are cured by trial de novo in the district court.

## A. ETC was required to exhaust administrative remedies.

In the trial court, ETC asserted that it was not required to exhaust administrative remedies because HCAD's action in assessing the ad valorem taxes was unconstitutional. ETC similarly argued that exhaustion was not required because it was raising a pure question of law on undisputed facts. We do not agree. ETC is not raising a pure question of law; it also is seeking to have its tax assessments set aside. It therefore is not relieved from the requirement of exhausting administrative remedies. *See Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam) (rejecting argument that exhaustion of administrative remedies was not required "because purely legal and constitutional questions were involved" and holding that taxpayers who were not merely seeking a declaration that the taxes were unconstitutional but instead sought "to have their individual assessments set aside" must exhaust administrative remedies) (citing *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 519 (Tex. 1995)).[4]

Citing *Houston Federation of Teachers, Local 2415 v. Houston Independent School District*, ETC further argued that it would suffer irreparable harm if the assessment were not set aside. In that case, teachers sought temporary and

---

[4] It also is not necessarily true that the question presented was a pure question of constitutional law. *See Anderson, Clayton & Co. v. State ex rel. Allred*, 122 Tex. 530, 541, 62 S.W.2d 107, 111 (Tex. Comm'n App. 1933) ("Whether or not the vehicles involved here were engaged in intrastate or interstate commerce was a question of fact to be determined, unless the evidence established that fact as a matter of law.").

permanent injunctive relief from a school district's implementation of an extended day. *Hous. Fed'n of Teachers, Local 2415 v. Hous. Indep. Sch. Dist.*, 730 S.W.2d 644, 645–46 (Tex. 1987). The court pointed out that the Commissioner of Education is not authorized to order immediate injunctive relief, and thus, the teachers would suffer irreparable harm if they were required to go through the administrative process before an agency that is unable to provide relief. *Id.* at 646. The same cannot be said here because the appraisal review board *is* authorized to remove property from the appraisal rolls, which is the very relief that ETC seeks.

ETC also contends that HCAD and the appraisal review board are without jurisdiction to grant the relief that ETC requested pursuant to section 25.25(d) of the Tax Code. Section 25.25 provides in pertinent part as follows:

(a)    *Except as provided by Chapters 41 and 42 of this code* and by this section, the appraisal roll may not be changed.

. . .

(d)    At any time prior to the date the taxes become delinquent, a property owner or the chief appraiser may file a motion with the appraisal review board to change the appraisal roll to correct an error that resulted in an incorrect appraised value for the owner's property. . . . The roll may not be changed under this subsection if:

        (1)    the property was the subject of a protest brought by the property owner under Chapter 41, a hearing on the protest was conducted in which the property owner offered evidence or argument, and the appraisal review board made a determination of the protest on the merits . . . .

TEX. TAX CODE ANN. § 25.25(a), (d)(1) (West 2008) (emphasis added). As section 25.25(a) indicates, section 25.25 is not the only provision addressing the jurisdiction of HCAD and the appraisal review board. Chapter 41 of the Texas Tax Code confers jurisdiction on the appraisal review board to hear and resolve a

6

timely challenge to the appraisal on the ground that the property is exempt from ad valorem taxation by federal law. *See* TEX. TAX CODE ANN. § 41.41(a)(3), (9). "If . . . the board finds that the appraisal records are incorrect in some respect *raised by the protest*, the board by its order shall correct the appraisal records . . . by making the other changes in the appraisal records that are necessary to conform the records to the requirements of law." *Id.* § 41.47(b) (West Supp. 2012) (emphasis added). Thus, under Chapter 41 of the Tax Code, the appraisal review board has jurisdiction to hear a timely protest that the appraisal rolls improperly include property that is in interstate commerce and therefore exempt from taxation.

## B.    ETC did not exhaust its administrative remedies.

ETC also argued that if it was required to exhaust its administrative remedies, then it did so because (1) it filed a tax protest on other grounds, and the appraisal review board refused to grant ETC any relief; (2) it filed motions with the appraisal review board requesting correction of the appraisal records pursuant to Texas Tax Code sections 25.25(c) and 25.25(d).

### 1.    *Filing a tax protest on other grounds did not exhaust administrative remedies as to the interstate-commerce exemption.*

It is undisputed that ETC did not raise its interstate-commerce argument in its notice of tax protest or at the hearing before the appraisal review board. Instead, ETC protested that (a) the property's appraised value exceeded its market value, (b) the property's appraised value was unequal to the appraised value of comparable property, (c) HCAD incorrectly identified the owner's name, (d) HCAD used the wrong valuation date when appraising the property, and (e) HCAD made multiple appraisals of the same property. To permit ETC to raise new grounds for the first time in its appeal to the trial court would defeat the

7

administrative review process's purpose of "relieving the burden on the court system." *See New Laredo Hotel*, 792 S.W.2d at 954. Because ETC failed to pursue its administrative remedies for HCAD's act in assessing taxes against property that allegedly is exempt, judicial review of this complaint is not available. *See id.* (citing *City of Sherman v. Pub. Util. Comm'n*, 643 S.W.2d 681, 683 (Tex. 1983)). ETC's protest was limited to value issues and ownership issues. It was unrelated to the constitutional issue now raised. *See First Bank of Deer Park v. Harris County*, 804 S.W.2d 588, 591–92 (Tex. App.—Houston [1st Dist.] 1991, no writ) (op. on reh'g) (holding that taxpayer failed to exhaust administrative remedies because it stated in its protest that the tax was unconstitutional but argued on review that it did not own the property).[5] *See also* TEX. TAX. CODE § 42.09(a) (West 2008) (with exceptions inapplicable here, the Tax Code's procedures "for adjudication *of the grounds of protest* authorized by [that Code] are exclusive, and a property owner may not raise any *of those grounds* . . . as a basis of a claim for relief in a suit by the property owner to arrest or prevent the tax collection process . . . .") (emphasis added); *Midland Cent. Appraisal Dist. v. Plains Mktg., L.P.*, 202 S.W.3d 469, 475 (Tex. App.—Eastland 2006, pet. denied) (a property owner must exhaust administrative remedies before seeking judicial review of an

---

[5] At least one court has held that the taxpayer preserves a ground of protest for appeal if it raises the ground in its notice of protest, even if the ground is not argued at the hearing. *See In re Vill. at Oakwell Farms, Ltd.*, 428 B.R. 372, 375 n.2 (Bankr. W.D. Tex. 2010) ("Texas law does *not* require, as a jurisdictional prerequisite for *de novo* review in a district court, that the taxpayer must have argued the issue before the ARB [appraisal review board]. It is sufficient if the issue is raised in the notice of protest that leads up to the ARB hearing."). Another court has suggested that a taxpayer preserves the ground for appeal by raising it at the Chapter 41 hearing before the appraisal review board, even if the ground is not identified in the notice of protest. *See Midland Cent. Appraisal Dist. v. Plains Mktg., L.P.*, 202 S.W.3d 469, 475 (Tex. App.—Eastland 2006, pet. denied) (holding that taxpayer who did not raise an interstate-commerce argument in its notice of protest exhausted administrative remedies because the argument was "raised, discussed, and determined by the Appraisal Review Board"). We need not address the question of whether either of these methods, without more, is sufficient to preserve the alleged error, because here, it is undisputed that the taxpayer did neither.

exemption claim *or* property appraisal).

> **2.** ***Moving for correction of the appraisal records pursuant to section 25.25(c)(3) did not correct the failure to exhaust administrative remedies.***

After HCAD filed its partial plea to the jurisdiction to assert that ETC failed to exhaust administrative remedies, ETC filed with the appraisal review board a motion to correct the appraisal rolls pursuant to section 25.25(c). Pursuant to section 25.25(c)(3) of the Texas Tax Code, the appraisal review board may direct changes in the appraisal roll to correct "the inclusion of property that does not exist in the form or at the location described in the appraisal roll." TEX. TAX CODE ANN. § 25.25(c)(3). In its motion, ETC asserted that HCAD included "property which does not exist in the form or at the location described on the appraisal rolls." ETC argued as follows:

> As the property is not taxable, it is not includable on the rolls. It follows, thus, that the property does not exist in the form described on the roll since its form is described as taxable. Likewise the property is not at the location described on the rolls, since its location is described as static within HCAD's appraisal jurisdiction when its true location is in interstate commerce. These matters are correctable under *Tex. Prop. Tax Code* 25.25(c)(3).

In making these arguments, ETC misconstrues the words "form" and "location." As used in section 25.25(c)(3), the reference to a property's "form" means its identification as a type of property such as real property, personal property, an improvement to real property, or some other physical description of the property on the appraisal roll. *Dall. Cent. Appraisal Dist. v. G.T.E. Directories Corp.*, 905 S.W.2d 318, 321 (Tex. App.—Texarkana 1995, writ denied). "Location" means the property's physical location. *Aramco Associated Co. v. Harris Cnty. Appraisal Dist.*, 33 S.W.3d 361, 365 (Tex. App.—Texarkana 2000, pet. denied) (cited with approval in *Harris Cnty. Appraisal Dist. v. Tex. E.*

9

*Transmission Corp.*, 99 S.W.3d 849, 851–52 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)). An argument that certain property is exempt from taxation does not implicate either the property's form or its location. Section 25.25(c)(3) therefore is not the appropriate vehicle for seeking the requested relief. ETC accordingly did not exhaust its administrative remedies by seeking a remedy under this inapplicable provision.

### 3. *Moving for correction of the appraisal records pursuant to section 25.25(d) did not correct the failure to exhaust administrative remedies.*

ETC also asserts that it moved unsuccessfully to correct the appraisal roll pursuant to Tax Code section 25.25(d).[6] As the excerpt from section 25.25 shows, the appraisal review board cannot correct the appraisal rolls pursuant to section 25.25(d) if "the property" was the subject of a tax protest under Chapter 41 at which the taxpayer presented argument or evidence, and on which the appraisal review board ruled on the merits. It is undisputed that ETC filed a tax protest pursuant to section 41.41; that the property that was the subject of the Chapter 41 tax protest is the same property that was the subject of ETC's motion under section 25.25(d); that ETC offered argument at its Chapter 41 tax-protest hearing; and that the appraisal review board ruled on the merits of that protest. Thus, ETC could not exhaust its administrative remedies by asking the appraisal review board for relief pursuant to section 25.25(d) because the plain language of that section prohibited the board from granting such relief.[7]

---

[6] There is a document in the record in which the appraisal review board denied an unidentified motion, and according to ETC, this was a ruling on a motion it filed to seek relief pursuant to Texas Tax Code section 25.25(d). The motion is not in the record, but HCAD does not dispute that this was the subject of the motion.

[7] This subsection is used to correct errors in the property's valuation, not to correct errors in determining whether the property is taxable. *See Tex-Air Helicopters, Inc. v. Harris Cnty. Appraisal Dist.*, 15 S.W.3d 173, 176 (Tex. App.—Texarkana 2000, pet. denied) ("[T]he

10

**C.** **Appeal by trial de novo does not cure ETC's failure to exhaust administrative remedies.**

ETC also argued that its failure to raise its interstate-commerce argument at the protest hearing did not deprive the trial court of jurisdiction because the appeal to the trial court was by a trial de novo, in which the court was required to "try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." *See* TEX. TAX CODE ANN. § 42.23(a) (West Supp. 2012).

Review by trial de novo generally cures all procedural errors from the proceedings below. *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. Spencer Square Ltd*, 252 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Lamar Cnty. Appraisal Dist. v. Campbell Soup Co.*, 93 S.W.3d 642, 645 (Tex. App.—Texarkana 2002, no pet.)). However, as held above, the failure to file a timely protest for an exemption based on interstate commerce is not a procedural error but is a jurisdictional one because it implicates exhaustion of remedies.. *See 1615 Corp.*, 217 S.W.3d at 637. Although the district court's review is de novo, its jurisdiction is still appellate in nature and dependent upon the issue having been raised with the appraisal review board. The reviewing court (here, the district court) may exercise jurisdiction and rule on the *merits* of an appeal only if the lower court (here, the appraisal review board) properly exercised jurisdiction over the issue. *See Campbell Soup Co.*, 93 S.W.3d at 646.

In *Cherokee Water Co. v Gregg County Appraisal District*, 801 S.W.2d 872 (Tex. 1990), the court considered the extent of a trial de novo in a tax protest. In that case, the taxpayer protested the value of its property for four tax years. *Id.* at 873. The trial court lowered the market value for three years but increased it for

---

Legislature's clear intent was that protests of valuation of property for tax purposes in excess of 'appraised or market value' or unequal valuation in comparison with other properties, are separate and distinct from protests based on whether property is taxable at all.").

one year. *Id.* The taxpayer argued that the trial court had no authority to raise the value because the appraisal district did not appeal. *Id*. at 877. The Supreme Court of Texas disagreed, concluding that it was appropriate for the trial court to determine the market value of the property under a de novo review, whether it be higher or lower than the value determined by the appraisal district. *Id.*

Here, however, the exemption at issue was not part of a value analysis. The appraisal review board did not consider the factual claim of the interstate-commerce exemption at its hearing. As noted above, this is the first "partial" plea to the jurisdiction filed by HCAD. By concluding that ETC had to raise this exemption below, we do not hold that a taxpayer must use certain language to preserve its complaint as to the appraised value of the property. *See* TEX. TAX. CODE § 41.44(d) (West Supp. 2012) ("A notice of protest is sufficient if it identifies the protesting property owner, . . . identifies the property that is the subject of the protest, and indicates apparent dissatisfaction with some determination of the appraisal office."); *Plains Mktg.*, 202 S.W.3d at 475 ("Courts have recognized that the legislature rejected hypertechnical requirements for challenges to appraisal values when it adopted the current tax protest mechanism."). For example, HCAD admitted at oral argument that it would not be appropriate to make a "partial" plea to the jurisdiction if a taxpayer filed a protest on the basis that the property's appraised value exceeded its market value while on appeal to the trial court, the taxpayer also argued that the property's appraised value was unequal to the appraised value of comparable property. A trial de novo as to the value of the property allows both parties to put on new evidence of value.

In contrast, a claim for a constitutional exemption is different from a protest concerning the property's value. *Cf. First Bank of Deer Park*, 804 S.W.2d at 591–92. Such a claim must be considered by the appraisal review board first and

12

cannot be raised for the first time in the trial de novo. Allowing such an exception would eviscerate any requirement of proper protest and exhaustion of remedies. *See Rourk*, 194 S.W.3d at 502 (requiring exhaustion of remedies as to a claim to set aside an assessment on constitutional grounds).

For these reasons, we agree with HCAD that the trial court erred in denying its partial plea to the jurisdiction as to ETC's interstate-commerce argument. We accordingly sustain HCAD's first issue to the extent that it addresses the trial court's denial of HCAD's partial plea to the jurisdiction.

## D. Remand is necessary to allow the trial court to address ETC's properly preserved issues.

In its live pleadings, ETC asserted that (1) under federal law, its property was exempt from ad valorem taxes because the property is in interstate commerce; and (2) in the alternative, HCAD appraised the property's value on the wrong date, resulting in impermissible double taxation. HCAD filed a partial plea to the jurisdiction in which it asserted that the trial court was without jurisdiction "over ETC's interstate[-]commerce exemption claim, and the related claims arising from it, and the claims must be dismissed."[8] HCAD expressly stated, however, that "ETC's multiple[-]appraisal claim is not subject to this partial [p]lea." ETC subsequently moved for summary judgment solely on grounds related to its assertion that the property was in interstate commerce, but it did not address its alternative allegation that the property had been taxed more than once. HCAD filed a combined response and cross-motion for summary judgment in which it stated that its plea "is no longer a partial plea, but disposes of Plaintiff's remaining interstate-commerce claim." HCAD's unexplained assertion that its plea to the jurisdiction disposes of all of ETC's claims was not supported by any argument or

---

[8] The "related claim" appears to be the ETC's assertion that its property has been appraised unequally when compared with other property in interstate commerce.

evidence, and was not addressed further in the trial court or on appeal. The record does not show that ETC abandoned its alternative claim that it was subjected to double taxation. Thus, to the extent that HCAD treats its plea to the jurisdiction as dispositive of claims not addressed therein, we overrule its first issue.

## IV. SUMMARY JUDGMENT

In its second issue, HCAD contends that the trial court erred in granting ETC's motion for summary judgment and denying HCAD's cross-motion for summary judgment. Each motion addressed ETC's complaint that its natural gas was exempt from taxation because it was in interstate commerce at the time of its valuation; neither motion addressed ETC's alternative allegations that its property had been taxed multiple times. Because we conclude that the trial court lacked jurisdiction over ETC's interstate-commerce complaint and therefore was not authorized to grant or deny either party's summary-judgment motion on this issue, we sustain this issue in part and overrule it in part. Specifically, we sustain the argument that the trial court erred in granting ETC's motion for summary judgment, and we overrule the argument that the trial court erred in failing to grant HCAD's motion.

## V. CONCLUSION

ETC failed to exhaust its administrative remedies as to its complaint that its natural gas is exempt from taxation under the interstate commerce clause; thus, the trial court lacked jurisdiction to address that complaint. The trial court therefore erred both in denying HCAD's partial plea to the jurisdiction and in addressing the merits of ETC's interstate-commerce argument through the parties' cross-motions for summary judgment. We accordingly reverse each of these rulings. Because ETC also challenged the appraisal based on grounds that HCAD has not challenged, we remand the case to the trial court for further proceedings consistent

14

with this opinion.


/s/ Tracy Christopher
Justice


Panel consists of Justices Christopher, Jamison, and McCally.