

## NUMBER 13-19-00198-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

CAMERON APPRAISAL DISTRICT,                                    Appellant,

v.

ELIDA L. ALFARO,                                                      Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant Cameron Appraisal District (CAD) appeals the trial court's denial of its

plea to the jurisdiction. By two issues, CAD asserts that appellee Elida L. Alfaro's suit

should be dismissed because (1) she failed to exhaust mandatory administrative

remedies, and (2) it was entitled to governmental immunity.[1] We reverse and render.

## I. BACKGROUND

This dispute concerns real property that was foreclosed upon by Cameron County, represented by the law firm Linebarger, Goggen, Blair & Sampson, LLP (Linebarger) due to delinquent taxes. Cameron County and Rio Hondo Independent School District (RISD) sold the property to Robert Serra at a foreclosure sale. Serra recorded his deed, dated January 12, 2012, in the Cameron County records.

### A. Alfaro v. Serra

The real property at issue originally belonged to Alfaro's son who died intestate and without any children in 1997. On February 11, 2016, Alfaro filed an affidavit of death and heirship of her son's estate along with a warranty deed executed by Gumecindo Alfaro Jr. purportedly conveying the property to Alfaro.[2] Six months later, Alfaro sued Serra in an action to quiet title, claiming she was the rightful owner of the property "by virtue of inheritance from her son . . . and a Warranty Deed from Gumecindo Alfaro, Jr." In the petition, Alfaro claimed that CAD and RISD wrongfully dispossessed her of the property when they sold it to Serra at a tax sale for the sum of $4,100 in 2012. According to Alfaro, Serra purported to have an adverse claim or interest in the property, which clouded Alfaro's title to the property.[3] CAD filed a plea to the jurisdiction in response.

---

[1] Alfaro did not provide us with a brief to assist in the resolution of this matter.

[2] The record does not reveal who Gumecindo Alfaro, Jr. is, nor does it explain his relationship to Alfaro or her son, or how he obtained ownership to the property.

[3] Serra filed a third-party claim against CAD and RISD, asserting he purchased the property and obtained title to it, yet CAD and RISD failed to deliver the property. Serra and Linebarger are not parties to this appeal.

**B.      Alfaro v. CAD and Linebarger**

Thereafter, Alfaro amended her petition to include claims against CAD and Linebarger. First, she claimed that Linebarger "wrongfully and improperly foreclosed on [the property] and failed to give proper notice to [her] of said foreclosure." Next, she asserted that CAD "failed to properly keep tract [sic] of . . . accounts on [the] property and give [her] notice of delinquency of taxes or foreclosure." She sought: (1) a declaration stating that CAD "improperly split the account number associated with the [property]" thereby "causing the property to be foreclosed for outstanding property taxes"; and (2) damages, asserting CAD was negligent and breached its duty by unilaterally splitting her account number such that "delinquent taxes were created which caused the property to be foreclosed."

**C.      Plea to the Jurisdiction**

CAD filed a plea to jurisdiction arguing that the trial court did not have jurisdiction over Alfaro's claims because: (1) she failed to exhaust administrative remedies; (2) she failed to plead a waiver of governmental immunity; and (3) "her action against [CAD] is barred by limitations." Alfaro responded to the plea claiming that she was never given notice of the tax foreclosure sale. Alfaro claimed that when she noticed the foreclosure sign on the property in 2012, she contacted CAD, and its agent reassured her the foreclosure notice was a mistake, and all property taxes were current.[4]

CAD filed an affidavit by its custodian of records Richard Molina. Molina averred

---

[4] In her response to the plea to the jurisdiction, Alfaro also asserted the following: "On January 10, 1998, [she] conveyed by warranty deed the property to Ruben Alfaro. However, at the time of conveyance, [she] had no right of ownership and said conveyance was improper." The record does not provide this information.

3

that he reviewed records for the property in question, and "[t]here is no protest or motion in the District's records in which any protesting party or movant asserts that the property . . . should be identified in District records as owned by that person." Attached to his affidavit were the following documents: (1) an appraisal value "Notice of Protest" for the year 2014; (2) a "Settlement and Waiver of Protest" signed by Alfaro on June 4, 2014; (3) an appraisal value "Notice of Protest" for the years 2015–2017 filed by Serra; and (4) an unsigned "Settlement and Waiver of protest on June 29, 2017."

At the plea to the jurisdiction hearing, CAD re-urged the same three grounds it raised in its pleadings. The trial court denied the plea and stated: "The Court is of the opinion that it will deny your plea . . . based on . . . the fraudulent conduct, if any, that may have been undertaken by [CAD] in advising [Alfaro] that there was no problem, which inured to [her] detriment in this case." This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (permitting the interlocutory appeal of an order denying a governmental unit's plea to the jurisdiction).

## II.    STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea

4

to the jurisdiction de novo. *Id*. Governmental immunity[5] deprives a trial court of jurisdiction over lawsuits in which the State's political subdivisions have been sued unless immunity is waived by the Legislature. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Miranda*, 133 S.W.3d at 226. Therefore, governmental immunity is properly asserted in a plea to the jurisdiction. *Miranda,* 133 S.W.3d. at 225–26.

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction, which encompasses the burden of establishing a waiver of a governmental entity's immunity from suit. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id*. (quoting *Bland*, 34 S.W.3d at 555). This is true even when the jurisdictional issue intertwines with the merits of the case. *Id*.

### III.    JURISDICTION

By its first issue, CAD contends that Alfaro is barred from asserting her claims that CAD failed to properly keep track of accounts on the property and failed to notify her of delinquent taxes or foreclosure. Specifically, CAD asserts that Alfaro did not exhaust her administrative remedies as required by the tax code.

In Alfaro's live pleading, she asserted CAD "failed to properly keep tract [sic] of account or accounts on [the] property and give [her] notice of delinquency of taxes or

---

[5] Governmental immunity is a common law doctrine protecting governmental entities from suit, similar to sovereign immunity. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). While sovereign immunity protects the State and its various agencies from suit, governmental immunity protects the State's political subdivisions, such as cities, counties, and school districts, from suit. *See id*. As a political subdivision, CAD is generally protected from suit by governmental immunity. *See id*.

5

foreclosure . . . in violation of [her] Due Process rights." Alfaro also asserted CAD improperly split the account numbers, which it had a legal duty to maintain.

"The Texas Tax Code provides detailed administrative procedures for those who would contest their property taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam); *see generally* TEX. TAX CODE ANN. §§ 41.01–.71, 42.09, 42.21. The tax code provides a pervasive regulatory scheme intended to vest appraisal review boards with exclusive jurisdiction. *Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416–17 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Generally, property owners must exhaust these administrative remedies before seeking judicial review of their claim. *Harris Cty. Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *O'Connor & Assocs.*, 267 S.W.3d at 417. "A taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Matagorda Cty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005).

Subchapter C of chapter 41 outlines specific actions or non-actions of the tax code that may be protested by a property owner to an appraisal review board, including the failure "of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled." TEX. TAX CODE ANN. § 41.411(a); *Harris Cty. Appraisal Review Bd. v. Gen. Elec. Corp.*, 819 S.W.2d 915, 919 (Tex. App.—Houston [14th Dist.] 1991, writ denied) ("The sole purpose of [§] 41.411 is to determine whether a property owner failed to receive notice thereby depriving him or her of the right to be heard

6

at the administrative level."). Additionally, the statute authorizes a general protest of "any other action of the chief appraiser [or] appraisal district . . . that applies to and adversely affects the property owner." TEX. TAX CODE ANN. § 41.41(a)(9).

Protests on the grounds of not assessing or allocating taxes or failing to give notice of delinquency of taxes or foreclosure may be raised in chapter 41 proceedings. *See* §§ 41.41(a)(9); 41.411(a). The record before us indicates Alfaro did not pursue any administrative remedy regarding her complaints that CAD: did not appropriately assess or allocate taxes, improperly split the account number, assured her taxes to the property were current, and failed to give her notice of delinquent taxes. Alfaro did not dispute this in her response to CAD's plea to the jurisdiction. "The administrative procedures are 'exclusive,' and most defenses are barred if not raised therein." *Rourk*, 194 S.W.3d at 502 (citing TEX. TAX CODE ANN. § 42.09(a)). Because Alfaro failed to exhaust the available administrative remedies, the trial court erred when it denied CAD's plea to the jurisdiction. *See TC Mktg., Ltd.*, 399 S.W.3d at 367. We sustain CAD's first issue.[6]

## IV. CONCLUSION

We reverse the trial court's judgment, and we render judgment dismissing Alfaro's claims.

JAIME TIJERINA
Justice

Delivered and filed on the
25th day of March, 2021.

---

[6] Because this issue is dispositive, we need not address CAD's remaining issue. *See* TEX. R. APP. P. 47.1.