**Affirmed and Memorandum Opinion filed December 9, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-20-00461-CV

## THE DUNCAN HOUSE CHARITABLE CORPORATION, Appellant

## V.

## HARRIS COUNTY APPRAISAL DISTRICT, Appellee

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-75883**

## MEMORANDUM OPINION

Appellant, The Duncan House Charitable Corporation ("Duncan House"), filed suit against appellee, Harris County Appraisal District ("HCAD"), seeking judicial review of the Appraisal Review Board's dismissal of Duncan House's cause of action seeking an exemption from taxation on its fifty percent ownership interest in a single-family residence for the year 2018. HCAD filed a plea to the jurisdiction arguing that the trial court did not have subject-matter jurisdiction over Duncan House's tax exemption claim because Duncan House did not exhaust its

administrative remedies. The trial court granted HCAD's plea and dismissed Duncan House's 2018 tax exemption claims. Because Duncan House was required to file an application for the tax exemption for 2018, and it did not, we overrule Duncan House's issues on appeal and affirm the trial court's dismissal order.

## BACKGROUND

Duncan House alleged that it is a Texas nonprofit corporation formed to perform religious, charitable, literary, or educational purposes, and to preserve the Charles W. Duncan, Sr. House, a River Oaks residence, as a historical landmark. In 2017, Duncan House purchased a fifty percent undivided interest in the River Oaks property from Mrs. Carol Cantrell. Mr. William Cantrell, Carol's spouse, retained his fifty percent interest in the property. The Cantrells continue to reside in the property. The property has been designated as a historical landmark by the City of Houston and has also been listed by the National Park Service in the National Register of Historic Places.

In 2017, Duncan House sought to have its fifty percent interest in the property qualify for a total exemption from taxation pursuant to section 11.18 of the Texas Tax Code. *See* Tex. Tax Code Ann. § 11.18 (providing that real property and buildings owned by a charitable organization are exempt from taxation). As of May 1, 2018, Duncan House's tax exemption application for 2017 had not been allowed.[1] Duncan House did not submit an application for a charitable organization tax exemption for the 2018 tax year. It did however, file a protest checking three grounds: (1) "incorrect appraised (market) value"; (2) "value is unequal compared with other properties"; and (3) "exemption denied,

---

[1] Duncan House's application for a tax exemption for 2017 was eventually denied on June 6, 2018. Duncan House protested the denial of the 2017 tax exemption, which the Appraisal Review Board rejected on October 1, 2018.

2

modified, or cancelled".

A hearing was held before the Appraisal Review Board on March 9, 2020, only on the 2018 appraised value of the property. During the hearing, Duncan House recognized that "[i]n 2017, the ARB denied the [charitable] exemption [application] and had they granted it, it would have been effective in 2018." At the conclusion of the hearing, the Appraisal Review Board determined the market value for the property was $3,150,000.

Duncan House filed suit complaining that the property was denied the exemption for property owned and used exclusively by a charitable organization for the 2017 tax year. Duncan House amended that petition to add a claim for the alleged denial of a charitable exemption for the property for the 2018 tax year. HCAD filed a plea to the jurisdiction arguing that the trial court should dismiss Duncan House's 2018 tax exemption complaint because Duncan House did not file an application for the exemption and therefore did not exhaust its administrative remedies, depriving the trial court of subject-matter jurisdiction. The trial court granted HCAD's plea and dismissed Duncan House's 2018 complaint for lack of jurisdiction. This accelerated appeal followed.

## ANALYSIS

Duncan House raises two issues on appeal challenging the trial court's dismissal of its 2018 complaint. We address them together.

## I. Standard of review and applicable law

The existence of subject matter jurisdiction is a question of law that can be challenged by a plea to the jurisdiction. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We review a trial court's ruling on a plea de novo.

*See Miranda,* 133 S.W.3d at 226, 228; *Woodway Drive LLC v. Harris Cnty. Appraisal Dist.*, 311 S.W.3d 649, 651 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Where, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues. *See Miranda*, 133 S.W.3d at 227. The movant, in this case HCAD, must meet the summary-judgment standard of proof by conclusively demonstrating that the trial court lacks subject matter jurisdiction. *See id.* at 227–28. We credit as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id.* at 228. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court may not grant the plea, and the fact issue will be resolved at trial by the factfinder. *Id.* at 227–28. If relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea as a matter of law.

This appeal presents questions of statutory construction, which we also review de novo. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). When construing statutes, our primary objective is to give effect to the legislature's intent. *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 38 (Tex. 2018). We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Id.* We presume that the legislature intended the entire statute to be effective. *Vitol, Inc. v. Harris Cty. Appraisal Dist.*, 529 S.W.3d 159, 168 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We also presume that the legislature chose a statute's language with care, intentionally including each word chosen, and

4

omitting words purposefully. *Id.* at 168. Another fundamental principle of statutory construction is that when construing a statute, a reviewing court must consider the act as a whole and not just as single phrases, clauses, or sentences. *Fredericksburg Care Co. v. Perez*, 461 S.W.3d 513, 520 (Tex. 2015). We must give effect to each provision of a statute so that none is rendered meaningless or mere surplusage. *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016). Therefore, when construing the provisions of the Property Tax Code at issue in this appeal, we must consider how each "provision fits both within the narrow framework of the tax-appraisal protest scheme and within the broader scope of the Property Tax Code as a whole." *Willacy Cty. Appraisal Dist.*, 555 S.W.3d at 39.

The overall purpose of the Property Tax Code is to assure "the orderly collection of revenue so that the functions of government should not be dependent upon the outcome of a multitude of lawsuits," while also ensuring that property owners have been given adequate time to file their protests. *Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.*, 704 S.W.2d 857, 859, n.1 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (examining purpose behind newly enacted Property Tax Code); *see Willacy Cty. Appraisal Dist.*, 555 S.W.3d at 40 (citing *Anderton v. Rockwall Cent. Appraisal Dist.*, 26 S.W.3d 539, 543 (Tex. App.—Dallas 2000, pet. denied)). To fulfill this purpose, the Property Tax Code provides detailed administrative procedures which are exclusive for anyone wanting to contest their property taxes. *See* Tex. Tax Code § 41.41 (providing right of protest by a property owner); *Vitol, Inc.*, 529 S.W.3d at 166; *Appraisal Review Bd. Of Harris Cty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The administrative-review process is intended to resolve most tax protests at the administrative level, relieving the burden on the

court system in the process. *Harris Cty. Appraisal Dist. v. ETC Mktg.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Therefore, property owners generally must exhaust their administrative remedies before they can seek judicial review. *Vitol, Inc.*, 529 S.W.3d at 166. As a result, "a taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (internal quotation marks omitted).

Pursuant to Chapter 41 of the Property Tax Code, property owners are entitled to administratively protest certain actions related to property taxes to an appraisal review board. *See* Tex. Tax Code § 41.41(a). Section 41.41 outlines eight actions that may be protested by a property owner to an appraisal review board, including "denial to the property owner in whole or in part of a partial exemption." *Id.* § 41.41(a)(4). In addition, subsection (a)(9) authorizes a general protest of "any other action of the chief appraiser [or] appraisal district . . . that applies to and adversely affects the property owner." *Id.* § 41.41(a)(9). A protest asserting that a property qualifies for exemption from taxation is properly raised through Chapter 41 proceedings before an appraisal review board. *See Harris Cnty. Appraisal Dist. v. Nunu*, No. 14-08-00528-CV, 2009 WL 2620732, at *1 (Tex. App.—Houston [14th Dist.] Aug. 27, 2009, pet. denied) (mem. op.) (resolving appeal of denial of homestead exemption from trial de novo in trial court following completion of administrative review process).

**II.     Because the plain language of the statute required Duncan House to file an application for a 2018 tax exemption, it failed to exhaust its administrative remedies when it failed to do so.**

Section 11.18 of the Texas Property Tax Code provides that a charitable organization is exempt from taxation on the buildings and tangible personal property it owns so long as the property is used exclusively by the charitable

6

organization. *See* Tex. Tax Code § 11.18. To qualify for that exemption, however, the charitable organization "must apply for the exemption." *See id.* § 11.43(a). In addition, the Property Tax Code provides that "[a]n exemption provided by Section . . . 11.18, . . . once allowed, need not be claimed in subsequent years, and except as otherwise provided by Subsection (e), the exemption applies to the property until it changes ownership or the person's qualification for the exemption changes. . . ." *See id.* § 11.43(c). If a charitable organization fails to timely file a completed application form in a given year, it "may not receive the exemption for that year." *See id.* § 11.43(e). Therefore, under the plain language of the statute, the timely filing of an application for the charitable organization exemption is a statutory prerequisite for a charitable organization to receive the exemption.

It is undisputed that Duncan House filed an application for a charitable organization exemption for the 2017 tax year. It is also undisputed that the requested exemption had not been granted by May 1, 2018, the deadline for Duncan House to apply for the charitable organization exemption for the 2018 tax year. In addition, it is not disputed that the 2017 application was eventually denied by the Appraisal Review Board. Finally, it is undisputed that Duncan House did not file an application for a charitable organization exemption for the 2018 tax year by the May 1, 2018 deadline. Because Duncan House did not comply with a statutory prerequisite of filing an application for the charitable organization exemption for the 2018 tax year, it could not receive the exemption. As a result, neither the Appraisal Review Board nor the trial court had jurisdiction to grant a charitable organization exemption to Duncan House for 2018. *See Mount Vernon United Methodist Church v. Harris County*, No. 14-16-00590-CV, 2017 WL 1512251, at *3 (Tex. App.—Houston [14th Dist.] Apr. 25, 2017, no pet.) (mem. op.) ("Under the tax code's administrative procedures outlined above, and because

it is asserting a religious-organization exemption, Mount Vernon's remedy was to first apply for a tax-exemption and then protest the denial of its application."); *Vitol, Inc.*, 529 S.W.3d at 170 ("Under the plain language of section 11.43, property owners who wish to claim certain exemptions–excepting section 11.12 and other exemptions–must submit an application."). We hold that the trial court did not err when it granted HCAD's plea to the jurisdiction and dismissed Duncan House's cause of action seeking a charitable organization exemption for the 2018 tax year. *See Mount Vernon United Methodist Church*, 2017 WL 1512251, at *3 ("If the property owner fails to seek available relief before the administrative review board, the courts lack jurisdiction to decide most matters relating to [the property owner's] ad valorem taxes.") (internal quotation marks omitted). We overrule Duncan House's issues on appeal.[2]

---

[2] Duncan House cites numerous cases in its appellate briefing in support of its argument that it complied with all of the requirements set forth in those cases for the Property Tax Code procedures. These cases include *Valero Ref.-Tex., L.P. v. Galveston Cent. Appraisal Dist.*, 519 S.W.3d 66 (Tex. 2017) and *Atascosa Cty. Appraisal Dist. v. Tymrak*, 858 S.W.2d 335 (Tex. 1993). We conclude that these cases are distinguishable and therefore do not control the outcome in this appeal because they do not address exemptions, and in particular the Property Tax Code's language requiring an annual application unless an exemption had been previously granted. *See* Tex. Tax Code § 11.43.

## CONCLUSION

Having overruled Duncan House's issues on appeal, we affirm the trial court's order dismissing Duncan House's claims.

/s/    Jerry Zimmerer
        Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.