**TEX–AIR HELICOPTERS, INC., Appellant,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT and Harris County Appraisal District Appraisal Review Board, Appellees.**

**No. 06–99–00090–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 7, 2000.

Decided Feb. 25, 2000.

Jack H. Holland, Houston, for appellant.

Kenneth Wall, Olson & Olson, Houston, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Tex–Air Helicopters, Inc. appeals from the district court's denial of its attorney's fees in a case where Harris County Appraisal District (HCAD) was ordered to reduce its appraisals of Tex–Air's commercial aircraft property.

*Background*

After complying with all administrative protest requirements, Tex–Air sued HCAD in 1992, alleging that its property, commercial helicopters used to transport personnel and supplies to off-shore drilling platforms, was being appraised at its full value, rather than at an allocated value, as required by the Texas Tax Code. Those provisions read as follows:

(a) If a commercial aircraft that is taxable by a taxing unit is used both in this state and outside this state, the appraisal office shall allocate to this state the portion of the fair market value of the aircraft that fairly reflects its use in this state. The appraisal office shall not allocate to this state the portion of the total market value of the aircraft that fairly reflects its use beyond the boundaries of this state.

(b) The allocable portion of the total fair market value of a commercial aircraft that is taxable in this state is presumed to be the fair market value of the aircraft multiplied by a fraction, the numerator of which is the product of 1.5 and the number of revenue departures by the aircraft from Texas during the year preceding the tax year, and the denominator of which is the greater of (1) 8,760 or (2) the numerator.

TEX. TAX CODE ANN. § 21.05(a),(b) (Vernon 1992). Tex–Air was seeking an allocation in values for its helicopters for the tax years of 1992, 1993, 1994, and 1995. Other parties with financial interests in some of the aircraft intervened in the action. It appears that the case was abated pending appellate determination of a similar suit filed in Galveston County. The issue raised by HCAD and the Appraisal Review Board in the Galveston County case was the constitutionality of the above-quoted Section 21.05.[1] The Galveston County Dis-

---

1. "Appellees [Galveston County Appraisal Review Board and Galveston Central Appraisal District] argued § 21.05 is an unconstitution-

al tax exemption, and therefore, the denial of the allocation was proper." *Tex–Air Helicopters, Inc. v. Appraisal Review Bd. of Galveston*

trict Court held the section in question unconstitutional. However, the Fourteenth Court of Appeals reversed, *Tex–Air Helicopters, Inc. v. Appraisal Review Bd. of Galveston County,* 940 S.W.2d 299 (Tex. App.-Houston [14th Dist.] 1997), which determination was affirmed by the Texas Supreme Court in *Appraisal Review Bd. of Galveston County v. Tex–Air Helicopters, Inc.,* 970 S.W.2d 530 (Tex.1998).

In accordance with the holding in the Galveston County case, the district court in this case ordered HCAD to reduce its appraisals of Tex–Air's property, but denied Tex–Air's request for an award of attorney's fees, which Tex–Air contended are authorized under TEX. TAX CODE ANN. § 42.29 (Vernon Supp.2000).

*Is Tex–Air Entitled to Attorney's Fees?*

This determination requires a review of the pertinent statutory language, as well as recent state court decisions interpreting such language. Section 42.29 reads as follows:

(a) A property owner who prevails in an appeal to the court under Section 42.25 or 42.26 may be awarded reasonable attorney's fees. The amount of the award may not exceed the greater of:

(1) $15,000; or

(2) 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal.

(b) Notwithstanding Subsection (a), the amount of an award of attorney's fees may not exceed the lesser of:

(1) $100,000; or

(2) the total amount by which the property owner's tax liability is reduced as a result of the appeal.

TEX. TAX CODE ANN. § 42.29 (Vernon Supp. 2000).[2]

Section 42.25 of the Texas Tax Code reads as follows:

*County,* 940 S.W.2d 299, 300 (Tex.App.-Houston [14th Dist.] 1997), *aff'd,* 970 S.W.2d 530 (Tex.1998).

If the court determines that the appraised value of property according to the appraisal roll *exceeds the appraised value required by law,* the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court.

TEX. TAX CODE ANN. § 42.25 (Vernon 1992) (emphasis added).

TEX. TAX CODE ANN. § 42.26 (Vernon Supp.2000) pertains to remedies for "unequal appraisals," which is not at issue here.

HCAD contends that the court's ordered allocation in this case does not pertain to an "excessive appraisal," i.e, an appraisal in excess of the fair market value. Rather, it contends the issue was whether the property in question should be appraised and taxed at all, not its valuation. Therefore, HCAD argues, the valuation did not "exceed the appraised value." Since Tex–Air's victory was not pursuant to Section 42.25, the trial court had no discretion to award attorney's fees, and it properly refused to do so. Tex–Air argues that it did prevail under Section 42.25 because the court determined that the appraised value of its property exceeded the appraised value required by law.

*Analysis*

HCAD contends that *Dallas Cent. Appraisal Dist., et al. v. Seven Inv. Co., et al.* and *Dallas Cent. Appraisal Dist., et al. v. Las Colinas Corp., et al.,* 835 S.W.2d 75 (Tex.1992), is determinative of the issue of attorney's fees raised in this case. In these consolidated appeals, Las Colinas Corp., et al. and Seven Investment Co., et al., owners of real estate, challenged the denial by the Dallas Central Appraisal District (DCAD) of the designation of certain of their properties as "open-space" land for

2. This statute was amended effective May 21, 1997, after this suit was filed. No changes material to this suit were made in the statute.

purposes of taxation.[3] After exhaustion of appropriate administrative remedies, the property owners in each case filed suit against DCAD. In both cases, the property owners were successful in obtaining rulings that at least some of the properties in question should be properly designated as "open-space" land, and the DCAD rulings were reversed. *Id.* at 76–77. In both cases, the successful property owners were awarded attorney's fees pursuant to the same Section 42.29 relied on by Tex–Air in this case. As stated by the Texas Supreme Court:

> The issue before this Court is whether a taxpayer who successfully challenges the denial of an open-space land designation is entitled to attorney's fees under section 42.29 of the Tax Code.

*Id.* at 77. The Texas Supreme Court's opinion begins with the general rule that attorney's fees may not be recovered unless provided by statute or by contract between the parties. *Id., citing New Amsterdam Cas. Co. v. Texas Indus., Inc.*, 414 S.W.2d 914 (Tex.1967); *see also Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91 (Tex. 1999). After citing the language of Sections 42.25 and 42.29, the court noted that Tex. Tax Code Ann. § 41.41 (Vernon Supp. 2000), which specifically lists actions by an appraiser entitled to be appealed by a property owner, specifically differentiates between 1) protesting the appraisal district's determination of the property's market value (Section 41.41(1)) or the alleged unequal appraisal of property as compared with other properties (Section 41.41(2)), and 2) the determination that the land does not qualify for appraisal (Section 41.41(5)). *Dallas Cent. Appraisal Dist.*, 835 S.W.2d at 78. The court indicated that the Legislature's clear intent was that protests of valuation of property for tax purposes in excess of "appraised or market value" or unequal valuation in comparison with other properties, are separate and distinct from protests based on whether property is taxable at all. Further, as stated by the court:

> [A] holding that a taxpayer protesting the denial of an open-space land designation is necessarily also protesting an excessive appraisal would render section 41.41(5) meaningless. A taxpayer whose application for an open-space land designation is denied could simply protest the excessive appraisal of his property under section 41.41(1).

*Id.* at 78. The court also stated that the issue to be determined in the "open-space" land dispute is, by statute, whether the property is devoted principally to agricultural use to the degree of intensity generally accepted in the area. Tex. Tax Code Ann. § 23.51(1) (Vernon Supp.2000). The appraised value, or market value, is not an issue in such a case. As the court further stated:

> [A]lthough a successful protest of the denial of an open-space land designation does eventually yield a lower taxable value and tax relief, the same argument can be made for any protest under section 41.41. For example, a taxpayer who successfully protests the denial of a partial exemption under section 41.41(4) could demand attorney's fees under section 42.29 because the appraised value of the property for tax purposes will be lower when he is granted the exemption than it was without the exemption. Likewise, a taxpayer successfully protesting the situs of his property under section 41.41(6) would arguably be entitled to attorney's fees under section 42.29 because the successful protest results in relief from an "excessive appraisal." Such a broad interpretation of section 42.29 is contrary to the legislature's attempt to limit the award of attorney's fees to excessive appraisals and unequal appraisals under sections 42.25 and 42.26.

*Dallas Cent. Appraisal Dist.*, 835 S.W.2d at 79.

---

**3.** *See* Tex. Tax Code Ann. §§ 23.41, 23.52(a)   (Vernon Supp.2000).

In *Bexar County Appraisal Review Bd. v. First Baptist Church*, 846 S.W.2d 554 (Tex.App.-San Antonio 1993, writ denied), the San Antonio Court of Appeals, following the *Dallas Central Appraisal District* opinion, held that where a church successfully protested and litigated a religious tax exemption for its parking lot, the church was not entitled to recover attorney's fees under Section 42.29:

> The statute plainly confines attorney's fees awards to cases of excessive or unequal appraisals, and not exemptions. . . . It would require pure sophistry for us to hold that this was a suit about valuation and appraisal instead of exemption.

*Id.* at 560. Because the suit was not one to "rectify an unequal or excessive appraisal, the tax code does not support the award of attorney's fees." *Id.*

 As pointed out in *Tex–Air Helicopters, Inc.*, 940 S.W.2d at 304, the trial court's award of attorney's fees is discretionary, even under Section 42.29.

 "Market value" is recognized in this state as the price property would bring if it were offered for sale by a willing but not obligated seller and purchased by a willing but not obligated buyer. *See, e.g., Taiwan Shrimp Farm Village Ass'n v. U.S.A. Shrimp Farm Dev.*, 915 S.W.2d 61, 71 (Tex.App.-Corpus Christi 1996, writ denied). From our review of the record and the briefs in this case, it is clear that the issue in this tax protest suit did not center on an excessive appraisal of the subject property, i.e., an allegedly excessive determination of the market value by the appraisal district. Neither side called an expert or any other witness to testify as to his or her opinion of value. There was no dispute shown even as to the proper method of calculation of the allocation required by TEX. TAX CODE ANN. § 21.05 (Vernon 1992).

We find the *Dallas Central Appraisal District* and *First Baptist Church* cases dispositive. This is not a case of "excessive appraisal," and Section 42.29 did not give the trial court discretion to award attorney's fees to Tex–Air. In its judgment, the trial court determined that "[i]n reality, this suit deals with the portion of the property in Texas to be taxed; in other words, the 'use' . . . of the property in Texas, and not the value of the appraisal." We agree.

The judgment is affirmed.