**BEXAR APPRAISAL DISTRICT,
Appellant,**

**v.**

**WACKENHUT CORRECTIONS
CORPORATION, Appellee.**

No. 04–01–00191–CV.

Court of Appeals of Texas,
San Antonio.

May 30, 2001.

Dale Wilson, Law Office of Dale Wilson, P.C., San Antonio, for Appellant.

Christopher J. Simpson, Brusniak Clement & Harrison, P.C., San Antonio, Joseph M. Harrison, IV, Brusniak & Harrison, P.C., Floresville, for Appellee.

Sitting: ALMA L. LÓPEZ, PAUL W. GREEN and KAREN ANGELINI, Justices.

Opinion by: PAUL W. GREEN, Justice.

In this accelerated appeal, we are asked to determine whether the trial court has jurisdiction to consider the appeal of a tax exemption decision under the correction of error procedures available in Chapter 25 of the Texas Property Tax Code. Because we hold Chapter 25 does not provide for appeal of the denial of an exemption, the trial court erred in denying Bexar Appraisal District's Partial Plea to the Jurisdiction. We reverse the trial court's order and remand for further proceedings.

Wackenhut Corrections Corporation (Wackenhut) asserts its property, which it leases from Bexar County and uses for a prison correction/detention facility, is exempt from taxation pursuant to TEX.TAX CODE ANN. § 11.11 (Vernon Supp.2001). When Bexar Appraisal District (Bexar Appraisal) determined the property should be taxed for the year 2000, Wackenhut filed an appeal under TEX.TAX CODE ANN.

§ 25.25(d) (Vernon Supp.2001).[1] Bexar Appraisal argues the trial court lacks jurisdiction to consider the exemption appeal because section 25.25 does not authorize such an appeal.

To review for lack of subject matter jurisdiction, we must determine if the pleader alleged facts affirmatively demonstrating the trial court's jurisdiction to hear the cause. *Dallas County Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 469 (Tex.App.—Dallas 1994, writ denied). We may review the entire record to determine if any evidence supports jurisdiction. *Id.*

To determine whether Wackenhut's appeal of the appraisal board's decision falls within the trial court's jurisdiction, we must begin with a review of the statutes applicable to the appeal. A taxpayer may protest the county's appraisal rolls under the limitations and procedures set out in Chapter 41 of the Texas Property Tax Code. Among other things, a taxpayer may protest:

(1) determination of the appraised value of the owner's property;

(2) unequal appraisal of the owner's property;

(3) inclusion of the owner's property on the appraisal records; and

(4) denial to the property owner in whole or in part of a partial exemption.

Tex.Tax Code Ann. § 41.41(a)(1–4) (Vernon Supp.2001). In addition, under Tex.Tax Code Ann. § 25.25(d), a taxpayer may "file a motion with the appraisal review board to change the appraisal roll to correct an error that resulted in an incorrect appraised value for the owner's property. However, the error may not be corrected

unless it resulted in an appraised value that exceeds by more than one-third the correct appraised value." Tex.Tax Code Ann. § 25.25(d) (Vernon Supp.2001). Except for the provisions of section 25.25, the appraisal roll may not be challenged except through the protest procedures of Chapters 41 and 42. Tex.Tax Code Ann. § 25.25(a) (Vernon Supp.2001).

Section 11.11(a) of the Texas Property Tax Code provides "property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes." Tex.Tax Code Ann. § 11.11(a) (Vernon Supp.2001). Wackenhut asserts its leasehold property, used for prison correctional and detention facilities, is exempt from taxation and should not be included on the appraisal records of Bexar County. This type of protest is specifically allowed by Tex.Tax Code Ann. § 41.41(a)(3) (inclusion of the property on the appraisal records). Wackenhut also argues because the taxable value of the property is reduced to zero when the exemption is applied, its protest is also to "correct an error that resulted in an incorrect appraised value" under section 25.25(c). We disagree.

"Appraised value" is defined in the Tax Code as "the value determined as provided by Chapter 23 of [the] code." Tex.Tax Code Ann. § 1.04(8) (Vernon 1992). Chapter 23, titled Appraisal Methods and Procedures, deals exclusively with appraisal methods for determining the market value of property to be taxed. *See* Tex.Tax Code Ann. § 23.01(a–b) (Vernon Supp.2001). Thus the "appraised value" of Wackenhut's property is the market value at which it may be taxed, if subject to taxation at all. Because Wackenhut's appeal relates to the

---

**1.** Wackenhut and Bexar Appraisal filed a Rule 11 letter stipulating Wackenhut's cause of action is limited to the issue of exemption, and

if the property is taxable, then the values determined by Bexar Appraisal are correct.

exemption to be applied to the property, not the value of the property, the appeal is not one authorized by section 25.25(d).

 Other courts have reached similar conclusions when dealing with issues of exemption or designation of property versus appraised value. *See, e.g., Dallas Cent. Appraisal Dist. v. Seven Investment Co.,* 835 S.W.2d 75, 77–79 (Tex.1992) (protest relating to designation of property is not protest of appraised value); *Tex–Air Helicopters, Inc. v. Harris County Appraisal Dist.,* 15 S.W.3d 173, 176–77 (Tex. App.—Texarkana 2000, pet. denied) (suit over allocation of taxable value is suit related to use of the property, not the appraised value, even though proper allocation results in lower taxable amount); *Bexar County Appraisal Review Board v. First Baptist Church,* 846 S.W.2d 554, 560 (Tex.App.—San Antonio 1993, writ denied) (suit to protest lack of religious exemption was not suit challenging appraised value). The differentiation between types of appeals in TEX.TAX CODE ANN. § 41.41 indicates the Legislature's intent to distinguish protests of "appraised or market value" as "separate and distinct from protests based on whether the property is taxable at all." *Tex–Air Helicopters, Inc.,* 15 S.W.3d at 176; *see also First Baptist Church,* 846 S.W.2d at 560 ("It would require pure sophistry for us to hold this was a suit about valuation and appraisal instead of exemption."). We hold section 25.25 confers no jurisdiction for the trial court to review the appraisal board's denial of Wackenhut's section 11.11 exemption and Bexar Appraisal's partial plea to the jurisdiction should have been granted.

Wackenhut further urges that if we find no jurisdiction under section 25.25, we should remand the case for further proceedings rather than render judgment in favor of Bexar Appraisal. Wackenhut's pleading in the trial court alleges causes of action under Chapter 41 of the Texas Property Tax Code, as well as constitutional issues under Art. 8, §§ 1 & 20 of the Texas Constitution. The petition asserts all conditions precedent to review of the appraisal review board's decision have been met. Although Bexar Appraisal contends these issues have been waived because Wackenhut failed to timely file a protest under Chapter 41, we have insufficient evidence in the record before us to make that determination. Accordingly, we remand to the trial court for proceedings on Wackenhut's remaining claims.

The trial court's Order on Defendant's Partial Plea to Jurisdiction, signed March 1, 2001, is vacated. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are charged to the appellee, Wackenhut Corrections Corporation.