

## NUMBER 13-25-00127-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

RICHARD MOLINA, CHIEF
APPRAISER, AND CAMERON
COUNTY APPRAISAL DISTRICT,                          Appellants,

v.

QET AIRCRAFT SERVICES, LLC,
AND MARIO L. ARRIETA LOPEZ,                          Appellees.

## ON APPEAL FROM THE 103RD DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Silva**

Appellants Richard Molina, Chief Appraiser, and Cameron County Appraisal

District (Appraisal District) appeal the trial court's order denying their plea to the

jurisdiction in favor of appellees QET Aircraft Services, LLC (QET) and Mario L. Arrieta Lopez. By two issues, appellants argue that the trial court erred in denying their plea because: (1) appellees failed to exhaust their administrative remedies under the Texas Tax Code; and (2) their ultra vires claims against Molina are improper. We affirm in part and reverse and render in part.

## I. BACKGROUND

The property at issue in this case involves four aircraft owned by QET and Lopez. QET is a limited liability corporation in Texas. Lopez is the sole owner and managing member of QET, which owns a 1969 Piper Comanche PA-30 (Comanche) valued at $101,200.00 and a 2002 Piper Meridian PA-46 (Meridian) valued at $535,000.00. Lopez separately owns a 2004 Raytheon (Beechcraft) Premier1 390 (Raytheon) valued at $1,207,500.00 and a 2006 Cirrus Vision Jet SR22 (Cirrus) valued at $339,250.00. The Appraisal District assessed personal property taxes on all four aircraft, contending they were used for business purposes. In October of 2022, Lopez filed a "Property Owner's Motion for Correction of Appraisal Roll" for each of the four aircraft. In his motions, Lopez requested that the Appraisal District correct the appraisal roll for the aircraft because the aircraft were included as property "that does not exist in the form or at the location described in the appraisal roll for the tax year(s)." However, under a fill-in-the-blank section for specific errors, appellees contended that all of the aircraft at issue were "for personal use" only.

On November 28, 2022, the Appraisal District sent a letter to Cameron County tax assessor Tony Yzaguirre, Jr. regarding the tax protest of the four aircraft:

Dear Tax Collector,

2

Please be advised that the properties, see attached list, have filed a Protest for a hearing with the Cameron [County's] Appraisal Review Board [(ARB)] in accordance with Texas Property Tax Code [§§] 25.25(c)[,](d) and 41.411.

The hearings have been scheduled for November 30, 2022. Each taxing unit in which the property is located is entitled to present evidence and argument at the hearing and to receive written notice of [ARB's] determination of the motion.

The list attached to the Appraisal District's letter included appellees four aircraft.

On December 15, 2022, the ARB issued an order and concluded that Lopez's "motion concerning matters permitted by [the Texas] Tax Code [§] 25.25 is denied, and the appraisal records should not be changed" on the 2022 tax year. The order, titled "Order Determining Motion to Correct Appraisal Roll," only involved the Raytheon aircraft. The order did not refer to § 41.41 of the Texas Tax Code or otherwise reference Chapter 41. *See* TEX. TAX CODE § 41.41. The order advised Lopez that he had a right to appeal the ARB's decision in district court. Specifically, it stated: "The law provides that to file suit to compel an [ARB] to order a change in the appraisal roll under [§] 25.25, a party must file suit within 60 days after the party receives notice of [ARB]'s determination of a motion under [§] 25.25."

On February 9, 2023, appellees filed the underlying suit against appellants seeking a declaratory judgment and a permanent injunction as to "the ultra vires acts of Molina acting in his official capacity as Chief Appraiser [of] Cameron County Appraisal District whose actions in refusing to designate personal property used for non-business purposes as tax exempt." Appellees further argued that "[d]esignating the personal property in question as . . . taxable is an ultra vir[e]s act that exceed[ed] his statutory authority." They

3

also contended that "[n]either sovereign immunity nor governmental immunity applies to [appellees'] ultra vires claims." Appellees sought "to recover the wrongfully collected and withheld taxes in the amount of $52,236.77" for the 2022 tax year. On April 3, 2023, appellants filed their original answer, asserting a general denial of the allegations in appellees' petition.

Approximately two years later, on February 3, 2025, appellees filed their first amended petition seeking "to recover the wrongfully collected and withheld taxes in the amount of $116,366.72" for the 2022, 2023, and 2024 tax years. In the alternative, appellees requested that the Appraisal District be compelled "to correct the 2022, 2023[,] and 2024 appraisal rolls to show the aircraft in question as exempt from taxation for the years 2022, 2023[,] and 2024 and to deliver a refund of taxes paid based on the exempt status of the aircraft."

The following day, appellees filed a motion for summary judgment contending that "there is no evidence supporting the classification of the aircraft as not being personal property exempt from taxation." In support of their motion, appellees included: the affidavit of Lopez's secretary, Veronica Gonzales; Lopez's affidavit; the affidavit of appellees' accountant Edgar Quintanilla; the affidavit of pilot Mike Carey; Appraisal District employee Robert Romero's deposition; QET's tax returns for 2022 and 2023; and Lopez's tax return for 2022.

On February 25, 2025, appellants then filed a combined response to appellees' motion for summary judgment and plea to the jurisdiction. In their plea, appellants argued that the trial court "does not have jurisdiction over the claims." Specifically, they averred that appellees did not exhaust their administrative remedies "under the [Texas] Tax

4

Code." Affixed to appellants' response and plea to the jurisdiction was a "2022 Notice of Appraised Value" for each of the four aircraft and the affidavit of Molina.

On March 4, 2025, a hearing was held and the following exchange occurred:

[Appraisal District]:   In . . . May 27, 2022, a notice of appraised value was sent on the four planes showing that zero exemption was applied, and the taxable value was the value of each plane.

Fast forward until October. That is when [appellees] filed a [§] 25.25 motion to correct under the [Texas] Tax Code, which allows for the correction of errors, and they went with the correction for form and location. So is it real property? Is it, like, land?

THE COURT:   Right. It's not.

[Appraisal District]:   And so if there's an issue in that, if it's not an aircraft, or if the aircraft was actually located completely elsewhere—the physical location of the aircraft was not in Texas.

. . . .

What needed to be protested was, by June 26, 2022, which is thirty days after the notice of appraised value, the lack of exemption. So they would have to file a protest for the denial of an exemption. Even though this particular exemption does not require you to apply for it, it's still considered a denial, and the motion of appraised value having zero for the exemption amount is notice that an exemption was denied. So because this was not a June 25, 2022[] motion protesting to the ARB, the administrative remedies have not been exhausted.

THE COURT:   And that's your argument?

[Appraisal District]:   Yes, Your Honor. And I will say, this isn't to say that they didn't go to the ARB and protest something[,] it's just not the claim they're bringing. They're bringing a claim to be entitled to [an] exemption.

5

THE COURT:          So you're saying they can't come to me until they go to y'all?

[Appraisal District]:   They missed the deadline to protest the issue.

THE COURT:          So then they have exhausted all their remedies because that remedy is no longer available to them.

[Appraisal District]:   But they have to have fully exhausted and gone to the ARB for that issue and obtain[] an order on that issue to be able to bring it to—

THE COURT:          But you've just told me they can't do that because the time has passed.

[Appraisal District]:   Because the deadline has passed.

THE COURT:          So I'm going to deny your plea.

After denying appellants' plea to the jurisdiction, the trial court proceeded with evidence on appellees' motion for summary judgment. At the conclusion of the hearing, the trial court announced, "I'll give y'all thirty days to figure this out. If y'all can't figure it out, then we'll just take care of it when we come back." On March 5, 2025, the trial court signed an order denying appellants' plea to the jurisdiction and setting appellees' motion for summary judgment for April 8, 2025. This appeal ensued.

## II.    STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's power to exercise subject-matter jurisdiction over a claim. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review a trial court's decision on a plea to the jurisdiction de novo. *Tex. Health & Hum. Servs. Comm'n v. Pope*, 674 S.W.3d 273, 280–81 (Tex. 2023). "A plea to the jurisdiction 'may challenge the pleadings, the existence of jurisdictional facts, or both'" *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205

6

(Tex. 2020) (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018)). When a plea to the jurisdiction challenges the pleadings, "we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Alamo Heights*, 544 S.W.3d at 770. "If, however, the plea challenges the existence of jurisdictional facts, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim." *Id.* at 770–71. "[W]e take as true all evidence favorable to the nonmovants, and we indulge every reasonable inference and resolve any doubts in their favor." *Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022).

### III. TAX PROTEST

#### A. Applicable Law

In general, governmental entities in Texas are immune from lawsuits unless the Legislature has expressly waived their immunity by statute. *See Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024). The Texas Tax Code provides a specific statutory waiver for judicial review of an ARB determination. *See* TEX. TAX CODE § 42.01 (outlining the requirements of a property owner's right to appeal to district court).

Texas law provides strict administrative procedures that a taxpayer must follow to contest their property taxes. *See id.* §§ 41.01–.71; *Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006); *Morris v. Hou. Indep. Sch. Dist.*, 388 S.W.3d 310, 313 (Tex. 2012). The Texas Tax Code establishes that "[a]ll real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law." TEX. TAX CODE § 11.01(a). Relevant here, "[a] person is entitled to an exemption from taxation of all tangible personal property, other than manufactured homes, that the person owns and

7

that is not held or used for production of income." *Id.* § 11.14(a). In the event that a property owner's exemption is denied, in whole or in part, the property owner may protest the denial before the ARB. *Id.* § 41.41(a)(4). However,

> (a)  [T]o be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice of the protest with the [ARB] having authority to hear the matter protested:
>
> > (1)  not later than May 15 or the 30th day after the date that notice to the property owner was delivered to the property owner as provided by [§] 25.19, whichever is later.

*Id.* § 41.44(a)(1). In this regard, the Texas Supreme Court notes that "the tax appraisal protest scheme evidences the Legislature's intent to restrict substantive challenges to the appraisal rolls—making them 'fixed' after the period for chapter 41 protests has elapsed, with the exception of allowing limited error-correction." *Willacy Cnty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 41 (Tex. 2018).

Separately, a taxpayer may also file a motion to correct the appraisal roll. *See* TEX. TAX CODE § 25.25. Section 25.25(c) specifically provides that on the motion of a property owner, "the ARB may order changes in the appraisal roll for any of the five preceding years by written order to correct" the following, in pertinent part:

> (1)  clerical errors that affect a property owner's liability for a tax imposed in that tax year;
>
> (2)  multiple appraisals of a property in that tax year;
>
> (3)  the inclusion of property that does not exist in the form or at the location described in the appraisal roll; or
>
> (4)  an error in which property is shown as owned by a person who did not own the property on January 1 of that tax year[.]

*Id.* § 25.25(c). "As used in [§] 25.25(c)(3), the reference to a property's 'form' means its

identification as a type of property such as real property, personal property, an improvement to real property, or some other physical description of the property on the appraisal roll." *Harris Cnty. Appraisal Dist. v. ETC Mktg., Ltd.*, 399 S.W.3d 364, 370 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In addition, "location" refers to "the property's physical location." *Id.*

A taxpayer may appeal to the district court only after he receives an order from the ARB determining, among other things, "a protest by the property owner as provided by Subchapter C of Chapter 41" or "a motion filed under [§] 25.25." TEX. TAX CODE § 42.01(a)(1)(A), (B). Generally, a property owner must exhaust these administrative remedies before seeking judicial review of their claim. *See ETC Mktg.*, 399 S.W.3d at 367; *Cameron Appraisal Dist. v. Alfaro*, No. 13-19-00198-CV, 2021 WL 1134315, *3 (Tex. App.—Corpus Christi–Edinburg March 25, 2021, no pet.) (mem. op.). "[A] taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes." *Matagorda Cty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005).

The importance of participating in the administrative review process is noted by the Texas Supreme Court: "When the Legislature has granted an agency exclusive jurisdiction to adjudicate a disputed issue, the agency has the sole authority to make an initial determination regarding that issue, and a trial court lacks jurisdiction until a party has exhausted administrative remedies." *In re CenterPoint Energy Hou. Elec., LLC*, 629 S.W.3d 149, 154 (Tex. 2021) (orig. proceeding). The reasoning behind this is "because the Legislature in conferring jurisdiction upon an agency expresses its will to have the agency resolve disputed issues of fact and policy." *Essenburg v. Dallas County*, 988

9

S.W.2d 188, 189 (Tex. 1998).

**B. Discussion**

We first note that, although Lopez contends that he received a notice of final order regarding all of the aircraft owned by him, we have insufficient evidence in the record before us to make that determination. Appellees rely on Molina's affidavit which states that a final order was issued as to both of Lopez's aircraft. However, appellees acknowledge that "the only 'final order' contained in the record is that for Property ID 437080," regarding the Raytheon aircraft. We agree. The record does contain an order issued by the ARB concerning the Raytheon aircraft, but none concerning appellees' other three aircraft.

Nevertheless, to appeal the denial of a tax exemption to the trial court, appellees were required to "exhaust their administrative remedies" by first protesting their tax dispute with the ARB and subsequently obtaining a final ruling by the ARB denying said protest. *See* TEX. TAX CODE §§ 41.41, 42.01; *ETC Mktg.*, 399 S.W.3d at 367. The Appraisal District argues that appellees did not exhaust their administrative remedies because their claims "alleged an improper denial of an exemption under Tex[as] Tax Code § 11.14 for any tax years at issue," and appellees merely filed a motion to correct the appraisal roll. *Compare* TEX. TAX CODE § 41.41(a)(4), *with* TEX. TAX CODE § 25.25(c)(3). Appellees responded that they have "exhausted their administrative remedies and were free to appeal the decisions to the district court." Appellees implicitly argue that their "Property Owner's Motion for Correction of Appraisal Roll" should be construed as a protest to the denial of an exemption, and therefore, when ARB issued the final order they exhausted their administrative remedies. For the reasons below, we

10

disagree.

"Tangible personal property" includes "personal property that can be seen, weighed, measured, felt, or otherwise perceived by the senses." *Id.* § 1.04(5). In general, tangible personal property, such as an aircraft, is taxable unless exempt by law. *See id.* § 11.01(a); *see also City of Dallas v. Overton*, (Tex. Civ. App.—Dallas 1962, writ ref'd n.r.e.) ("The principles applicable in taxing other types of tangible property are applicable to airplanes and aviation property."). Taxpayer protests over the denial of an exemption on a tax notice may be raised in a Chapter 41 proceeding. *See* TEX. TAX CODE § 41.41(a)(4). The record before us indicates that appellees did not pursue any administrative remedy before the ARB regarding their complaint that the Appraisal District "failed to recognize the [non-income producing personal property] exemption provided by [§] 11.14." Lopez filed a "Motion to Correct Appraisal Roll" indicating that he was requesting to correct the appraisal roll because the aircraft were included as property "that does not exist in the form or at the location described in the appraisal roll for the tax year(s)." *See id.* § 25.25(c)(3). Even if we construe appellees' motion as one filed pursuant to § 41.41, the Appraisal District's order denying the correction specified that "[appellees'] motion concerning other matters permitted by [Texas] Tax Code [§] 25.25 is denied, and the appraisal records should not be changed" regarding the 2022 tax year. The order did not reference Chapter 41. We agree with the Appraisal District that the record demonstrates that appellees filed a motion to correct the appraisal roll under § 25.25(c)(3). *See id.* § 25.25(c)(3).

However, that section does not confer jurisdiction upon the trial court to review a purported exemption never considered by the ARB. *See Bexar Appraisal Dist. v.*

11

*Wackenhut Corr. Corp.*, 52 S.W.3d 795, 797 (Tex. App.—San Antonio 2001, no pet.); *see also ETC Mktg.*, 399 S.W.3d at 370 ("An argument that certain property is exempt from taxation does not implicate either the property's form or its location. Section 25.25(c)(3) therefore is not the appropriate vehicle for seeking the requested relief."). In general, a § 25.25 correction is a limited remedy available for errors that include objective and ministerial matters such as clerical errors. *See Willacy Cnty. Appraisal Dist.*, 555 S.W.3d at 41. The Fourth Court of Appeals has previously articulated—and we agree with our sister court—that § 25.25 does not give the trial court jurisdiction to review the ARB's denial of an exemption. *See Wackenhut Corr. Corp.*, 52 S.W.3d at 797. "The administrative procedures are 'exclusive' and most defenses are barred if not raised therein." *Rourk*, 194 S.W.3d at 502 (citing TEX. TAX CODE § 42.09(a)). Because appellees failed to exhaust the required administrative remedies regarding the denial of an exemption as to all of appellees' aircraft, they have failed to affirmatively demonstrate that the trial court had subject-matter jurisdiction over the denial of their tax exemption. *See Alamo Heights*, 544 S.W.3d at 770. We thus conclude that the trial court erred when it denied the Appraisal District's plea to the jurisdiction as it related to the denial of an exemption for all of the aircraft for tax year 2022 and sustain appellants' first issue in part.

Because we construe appellees' motion as a motion to correct the appraisal roll under § 25.25(c)(3), they had sixty days to file a notice of appeal with the trial court related to the § 25.25(c)(3) motion for the 2022 tax year regarding the Raytheon aircraft. *See* TEX. TAX CODE § 42.21(a). Since appellees met that deadline, we conclude that the trial court has limited jurisdiction to review appellees' motion seeking correction under § 25.25(c)(3). *See Wackenhut*, 52 S.W.3d at 797 (holding that § 25.25 of the Texas Tax

12

Code provides no jurisdiction for the trial court to review the ARB's denial of an exemption).[1] Appellants' first issue is overruled in part.

Appellees additionally concede that the "Notice of Protest for tax years 2023 and 2024 fail[ed] to meet the minimal requirements." The record contains no final order by the ARB denying a request for correction of the appraisal roll with respect to all four aircraft for tax years 2023 and 2024. Accordingly, we reverse the trial court's order insofar as it denies the appellants' plea to the jurisdiction with respect to appellees' claim requesting correction of the appraisal rolls for tax years 2023 and 2024. We sustain appellants' first issue as it relates to those complaints concerning tax years 2023 and 2024.

## IV.     ULTRA VIRES CLAIM

### A.     Applicable Law

"Political subdivisions of the state . . . are entitled to governmental immunity absent legislative waiver." *Herrera*, 702 S.W.3d at 541. "An appraisal district is a political subdivision of the state." TEX. TAX CODE § 6.01(c). "Whether governmental immunity has been waived in a given case implicates subject-matter jurisdiction." *San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 130 (Tex. 2024). "Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Boll v. Cameron Appraisal Dist.*, 445 S.W.3d 397, 399 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)).

"[G]overnmental immunity does not bar a suit that seeks to bring government

---

[1] While we conclude that appellees have failed to exhaust their administrative remedies regarding the denial of a tax exemption, we express no opinion on the merits of appellees' motion for summary judgment.

13

officials into compliance with statutory or constitutional provisions." *Chambers-Liberty Counties Navigation Dist. v. State*, 575 S.W.3d 339, 348 (Tex. 2019). "Such '*ultra vires* claims' must be brought against government officials in their official capacity and may seek only prospective injunctive remedies." *Id.* To successfully challenge a governmental official's action under the ultra vires doctrine, a plaintiff must demonstrate that the official "acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). "Thus, an *ultra vires* claim may not be maintained if the officials' acts are within their discretion; the plaintiff must show that the offic[ial] failed to perform a purely ministerial act or acted *outside* the scope of their allotted discretion." *Jones*, 646 S.W.3d at 325. "Ministerial acts are those 'where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" *Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015) (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). "When the ultimate and unrestrained objective of an official's duty is to interpret collateral law, a misinterpretation is not overstepping such authority; it is a compliant action even if ultimately erroneous." *Hall v. McRaven*, 508 S.W.3d 232, 242 (Tex. 2017). However, government officials generally do not have discretion to misinterpret the law. *See Jones*, 646 S.W.3d at 325. For an ultra vires claim to survive a plea to the jurisdiction, "we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Alamo Heights*, 544 S.W.3d at 770.

To determine the extent of the authority and discretion granted to Molina regarding the alleged ultra vires action, we rely on statutory construction. *See Image API, LLC v. Young*, 691 S.W.3d 831, 835 n.15 (Tex. 2024) (quoting *Sw. Bell Tel.,* 459 S.W.3d at 583).

14

Statutory construction is an issue of law that we review de novo. *Coll. Retail LLC v. Jefferson Cent. Appraisal Dist.*, 589 S.W.3d 856, 859 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.). "We generally rely on the plain meaning of a statute's words to discern legislative intent, but we cannot construe the Legislature's chosen words and phrases in isolation. That is, we must consider the context and framework of the entire statute and construe it as a whole." *Worsdale v. City of Killeen*, 578 S.W.3d 57, 69 (Tex. 2019) (citation modified). "[S]tatutory exemptions and deductions from taxation are considered matters of legislative grace, and are strictly construed against the taxpayer." *Combs v. Metro. Life Ins. Co.*, 298 S.W.3d 793, 797 (Tex. App.—Austin 2009, pet. denied) (citation modified).

The gravamen of appellees' alleged ultra vires claim is § 11.14(a). *See* TEX. TAX CODE § 11.14(a). As discussed supra, this section provides that "[a] person is entitled to an exemption from taxation of all tangible personal property . . . that the person owns and that is not held or used for production of income." *Id.* According to appellees, because they provided evidence that the aircraft were not income producing, Molina had no discretion to determine otherwise, and he acted ultra vires by assessing them as income producing and thus taxable property.

## B.    Discussion

With the foregoing principles in mind, we turn to the question of whether Molina acted outside the scope of his allotted discretion in determining that appellees' four aircraft were taxable property.

"The [Appraisal D]istrict is responsible for appraising property in the district for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in

15

the district." *Id.* § 6.01(b). In addition, "[a]ll real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law." *Id.* § 11.01. Moreover, a property owner is entitled to an exemption from taxation on his personal property that is not held or used for production of income. *Id.* § 11.14(a). In this case, however, two of the aircraft were registered to a LLC, which suggests that the aircraft were used for income production and, therefore, taxable. It is also the duty of the chief appraiser to determine the market value of all taxable personal property. *See id.* § 23.01. We conclude that such language in the Texas Tax Code supports a determination that tax appraisals involve the exercise of discretion. The code further provides that the chief appraiser has the discretion to require a person to render for taxation "any . . . taxable property that he owns." *Id.* § 22.01(b). Construing the plain language within the context of the Texas Tax Code as a whole, we conclude that the Legislature granted Molina, acting in his official capacity as Chief Appraiser of Cameron County, the ability to exercise his discretion to determine whether personal property, such as an aircraft, is taxable, the market value of the property, and assess the corresponding ad valorem tax. *See id.* §§ 6.01, 11.01, 22.01(b), 23.01.

If we follow appellees' argument to its logical conclusion, then any taxpayer who fails to exhaust their administrative remedies regarding the protest of a tax exemption can bypass the process altogether by simply alleging that the appraiser's incorrect assessment was ultra vires. Nothing in the Texas Tax Code or this state's jurisprudence suggests that this would be a proper use of the ultra vires exception to immunity. Because Molina was acting within his official and statutory authority, the trial court lacked jurisdiction to hear appellees' ultra vires claim. *See Jones*, 646 S.W.3d at 325; *Alamo*

16

*Heights*, 544 S.W.3d at 770. Appellants' second issue is sustained.

## V.    CONCLUSION

We affirm the trial court's denial of appellants' plea to the jurisdiction as to appellees § 25.25 motion to correct appraisal roll regarding the 2022 tax year of the Raytheon aircraft owned by Lopez. We reverse the trial court's order denying appellants' plea to the jurisdiction in all other respects, and render judgment dismissing appellees' remaining claims concerning tax years 2022, 2023, and 2024, for lack of subject matter jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
26th day of February, 2026.

17